**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| VICTOR CAMPOS, *on behalf of himself,*<br>*FLSA Collective Plaintiffs and the Class,* | Case No: |
| Plaintiff, | **CLASS AND**<br>**COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
| VEGG 58TH LLC<br>     d/b/a MASSERIA DEI VINI,<br>PEPE WEST 48TH STREET LLC,<br>     d/b/a LA MASSERIA,<br>GIUSEPPE COLADONATO, GIUSEPPE IUELE,<br>EDWARD RICCI and VINCENZO RUGGIERO | Jury Trial Demanded |
| Defendants. |  |

---

Plaintiff, VICTOR CAMPOS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against VEGG 58TH LLC d/b/a MASSERIA DEI VI   NI, PEPE WEST 48TH STREET LLC, d/b/a LA MASSERIA (the "Corporate Defendants") and GIUSEPPE COLADONATO, GIUSEPPE IUELE, EDWARD RICCI and VINCENZO RUGGIERO (the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid wages due to improper tip credit allowance, (3) unpaid overtime, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3.      Plaintiff further alleges that, pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621–634 *et. seq.* ("ADEA"), Plaintiff is entitled to recover from Defendants for discrimination on the basis of age: (1) back wages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

4.      Plaintiff further alleges that, pursuant to the New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for discrimination on the basis of age: (1) back wages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

5.      Plaintiff further alleges that, pursuant to the New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for discrimination on the basis of age: (1) back wages, (2) compensatory damages and (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

8.      Plaintiff, VICTOR CAMPOS, for all relevant time periods, was a resident of Queens County, New York.

9.      Defendants collectively own and operate two Italian restaurants at the following locations in New York:

      (a)  "Masseria Dei Vini" – 887 9th Avenue, New York, NY 10019; and

      (b)  "La Masseria" – 235 West 48th Street, New York, NY 10036 (together, the "Restaurants").

Defendants operate the Restaurants as a single integrated enterprise, under the control of their owners, Individual Defendants GIUSEPPE COLADONATO, GIUSEPPE IUELE, EDWARD RICCI and VINCENZO RUGGIERO. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose. *See* **Exhibit A**. Individual Defendants GIUSEPPE COLADONATO, GIUSEPPE IUELE, EDWARD RICCI and VINCENZO RUGGIERO own and operate each Corporate Defendant. Employees and supplies are interchangeable among the Restaurants, and are frequently transferred between the Restaurants by Defendants when needed. Both of the Restaurants share a common look and feel and serve similar food items. *See* **Exhibit B**.

10.     VEGG 58TH LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at 15 WILPUTTE PLACE, NEW

ROCHELLE, NY 10804 and a principal place of business at 887 9TH AVENUE, NEW YORK, NY 10019. Defendants' operate Masseria Dei Vini through Corporate Defendant VEGG 58TH LLC d/b/a MASSERIA DEI VINI. Individual Defendants are the owners of VEGG 58TH LLC d/b/a MASSERIA DEI VINI.

11.    PEPE WEST 48TH STREET LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at 15 WILPUTTE PLACE, NEW ROCHELLE, NY 10804 and a principal place of business at 235 WEST 48TH STREET, NEW YORK, NY 10036. Defendants' operate La Masseria through Corporate Defendant PEPE WEST 48TH STREET LLC d/b/a LA MASSERIA. Individual Defendants are the owners of PEPE WEST 48TH STREET LLC d/b/a LA MASSERIA.

12.    Individual Defendant GIUSEPPE COLADONATO is an owner and principal of each of the Corporate Defendants. Individual Defendant GIUSEPPE COLADONATO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant GIUSEPPE COLADONATO frequently visits each of the Restaurants. Individual Defendant GIUSEPPE COLADONATO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurants could complain to Individual Defendant GIUSEPPE COLADONATO directly regarding any of the terms of their employment, and Individual Defendant GIUSEPPE COLADONATO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant

GIUSEPPE COLADONATO exercised functional control over the business and financial operations of all Corporate Defendants. Individual Defendant GIUSEPPE COLADONATO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees

13.    Individual Defendant GIUSEPPE IUELE is an owner and principal of each of the Corporate Defendants. Individual Defendant GIUSEPPE IUELE exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant GIUSEPPE IUELE frequently visits each of the Restaurants. Individual Defendant GIUSEPPE IUELE exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurants could complain to Individual Defendant GIUSEPPE IUELE directly regarding any of the terms of their employment, and Individual Defendant GIUSEPPE IUELE would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant GIUSEPPE IUELE exercised functional control over the business and financial operations of all Corporate Defendants. Individual Defendant GIUSEPPE IUELE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees

14.    Individual Defendant EDWARD RICCI is an owner and principal of each of the Corporate Defendants. Individual Defendant EDWARD RICCI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class.

Individual Defendant EDWARD RICCI frequently visits each of the Restaurants. Individual Defendant EDWARD RICCI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurants could complain to Individual Defendant EDWARD RICCI directly regarding any of the terms of their employment, and Individual Defendant EDWARD RICCI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant EDWARD RICCI exercised functional control over the business and financial operations of all Corporate Defendants. Individual Defendant EDWARD RICCI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees

15. Individual Defendant VINCENZO RUGGIERO is an owner and principal of each of the Corporate Defendants. Individual Defendant VINCENZO RUGGIERO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant VINCENZO RUGGIERO frequently visits each of the Restaurants. Individual Defendant VINCENZO RUGGIERO exercises the power to (and also delegates to managers and supervisors the power to (i) fire and hire employees, (ii) supervise and control employee work schedules and conditions of employment, and (iii) determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurants could complain to Individual Defendant VINCENZO RUGGIERO directly regarding any of the terms of their employment,

and Individual Defendant VINCENZO RUGGIERO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant VINCENZO RUGGIERO exercised functional control over the business and financial operations of all Corporate Defendants. Individual Defendant VINCENZO RUGGIERO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees

16.    At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

17.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

18.    All of Defendants' Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants. Because the Restaurants share identical illegal wage and hour policies, they (and the relevant Corporate Defendants) are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

### FLSA COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to bussers, porters, runners, servers, bartenders and barbacks), employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20.    At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have

been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all regular and overtime hours worked due to a policy of time-shaving.

21.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to bussers, porters, runners, servers, bartenders and barbacks), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

23.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP.

24.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of but not limited to servers, bussers, bartenders, barbacks and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff VICTOR CAMPOS is a member of both the Class and the Tipped Subclass.

25.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually thereafter, per requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26.     With regard to Plaintiff VICTOR CAMPOS and the Tipped Subclass, Defendants failed to pay them the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet the statutory requirements under the NYLL. Plaintiff VICTOR CAMPOS and the Tipped Subclass suffered from Defendants' failure to pay

minimum wage and overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

27.    Plaintiff VICTOR CAMPOS is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

28.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e)  Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

f)  Whether Defendants properly compensated Plaintiff and Class members overtime premiums for all hours worked in excess of forty (40) under state and federal law; and

g)  Whether Defendants provided Plaintiff and the Tipped Subclass proper notice that Defendants claimed a tip credit;

h)  Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

i)  Whether Defendants required the Tipped Subclass members to perform non-tipped work for more than two (2) hours, or twenty percent (20%) of each shift;

j)  Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

k)  Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, per requirements of the NYLL; and

l)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

31.    In or around April 2019, Plaintiff VICTOR CAMPOS was hired by Defendants as a busser at "Masseria Dei Vini." In or around September 2019, Plaintiff VICTOR CAMPOS was terminated.

32.    From the start of his employment to in or around June 2019, Plaintiff was scheduled to work double shifts from 9:30 a.m. to 10:00 p.m. on Mondays and Thursdays, and regular shifts from 4:00 p.m. to 12:00 a.m. on Tuesdays, 4:00 p.m. to 1:00 a.m. on Wednesdays and 3:00 p.m. to 12:00 a.m. on Sundays. During the relevant period, Plaintiff worked fifty one (51) hours per week.

33.    From June 2019 through the end of Plaintiff's employment, Plaintiff was scheduled to work a double shift from 9:30 a.m. to 10:00 p.m. on Mondays, and regular shifts from 4:00 p.m. to 12:00 a.m. on Tuesdays, 4:00 p.m. to 1:00 a.m. on Wednesdays and 4:00 p.m. to 11:00 p.m. on Thursdays. During the relevant period, Plaintiff's scheduled work hours were thirty six and a half (36.5) hours per week.

34.    Throughout Plaintiff's employment, Plaintiff was required to show up and work for fifteen (15) minutes before clocking in for his scheduled shift. However, on days where Plaintiff was required to work a double shift and come in at 9:30 a.m., Plaintiff was required to work for one (1) hour before clocking in. Similarly, FLSA Collective Plaintiffs and Class members were required to work off-the-clock before being allowed to clock in for their scheduled shift. This was a time shaving scheme to avoid paying Plaintiff, FLSA Collective Plaintiffs and Class members for all hours they worked and to avoid overtime payment.

35.    Throughout Plaintiff's employment, whenever Plaintiff worked regular shifts, he was required to clock out for thirty (30) minutes for a meal break. However, Plaintiff was

constantly interrupted during the meal break and required to work. As a result, Plaintiff's meal break was not a free and clear meal break. Similarly, FLSA Collective Plaintiffs and Class members were not always permitted a free and clear meal break.

36.    Plaintiff VICTOR CAMPOS and the Tipped Subclass were paid below the proper minimum wage and proper overtime rate due to an invalid tip credit. Throughout Plaintiff's employment, Plaintiff was compensated at an hourly rate of $10.00 per hour. With respect to Plaintiff VICTOR CAMPOS and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants (i) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the NYLL; (ii) failed to accurately track daily tips earned or maintain records thereof; (iii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL; and (iv) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

37.    Plaintiff VICTOR CAMPOS and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities, including polishing glassware and silverware, cleaning windows, cleaning chairs, cleaning and restocking the bathrooms, sweeping and mopping the restaurant, cleaning the entire kitchen, helping prepare food and attending the mandatory thirty (30) minute daily team meeting. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

38.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiffs, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

39.    Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members for all hours worked.

40.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

41.    Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

42.    Throughout Plaintiff's employment by Defendants, Defendants allowed employees to discriminate against Plaintiff and foster a hostile work environment. Defendants allowed supervisors and co-workers to harass Plaintiff because of his age, calling him derogatory names such as "slow grandpa" or "rotten old guy" and telling Plaintiff to retire because he is too old. On a regular and persistent basis, Defendants' supervisors told Plaintiff, "should fire you and hire a young person." Plaintiff was always given the worst shifts, the back-to-back of Sunday 3:00 p.m. to 12:00 a.m. and then the Monday 9:30 a.m. to 10:00 p.m. shifts. Throughout Plaintiff's employment, Plaintiff was in fear that he might be fired due to his age.

43.    Defendants then fired Plaintiff for solely because of his age. Plaintiff was the only employee fired and he was the oldest employee in the restaurant. One day after Plaintiff was fired, Plaintiff went back to the restaurant to complain to Defendants. At that time, Plaintiff

noticed that a young employee was hired in place of him. Plaintiff was 49 years old at the time of his termination.

44.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.     Plaintiff realleges and reavers Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

49.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

50.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of

time and one-half, including overtime wages owed due to Defendants' policy of time-shaving and Defendants' invalid tip credit policy.

51.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked, including those due to Defendants' policy of time shaving.

52.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

54.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

56.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

57.     Plaintiff realleges and reavers Paragraphs 1 through 56 of this class and collective action Complaint as if fully set forth herein.

58.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

59.     Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them proper wages in the lawful amount for all hours worked. Defendants were not entitled to claim any tip credits.

60.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all overtime hours worked at the statutory rate of time and one-half.

61.     At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all of their hours worked, including those due to Defendants' policy of time shaving.

62.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because proper overtime was never clearly included in wage statements to employees for each payment period. Defendants' wage statements also failed to accurately reflect the number of hours worked and their proper compensation.

63.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and annually thereafter, as required under the NYLL.

64.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

65.     Plaintiff realleges and incorporates Paragraph 1 through 64 of this class and collective action Complaint as if fully set forth herein.

66.     Plaintiff is an employee and a qualified person within the meaning of the federal Age Discrimination in Employment Act ("ADEA"). Plaintiff was at least forty (40) years old at the time of the incident.

67.     Defendants are covered employers of the ADEA because Corporate Defendants, Individual Defendants, and their agents were engaged in an industry affecting commerce and they had at least twenty (20) employees in each working day for at least twenty (20) weeks in each year of Plaintiff's employment.

68.     Under the ADEA, an employer is liable for age discrimination against her or his employees. The relevant code provides, "It shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

69.     Defendants operated a business that discriminated against Plaintiff in violation of

the ADEA on the basis of his age, by allowing other employees to foster a hostile work environment, insulting Plaintiff, giving Plaintiff the worst shifts and firing Plaintiff.

70.    As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

71.    Due to Defendants' violations under the ADEA, Plaintiff is entitled to recover from Defendants: (1) back pay, (2) compensatory damages, (3) punitive damages and (4) attorneys fees' and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

72.    Plaintiff realleges and incorporates Paragraph 1 through 71 of this class and collective action Complaint as if fully set forth herein.

73.    The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of age.

74.    Plaintiff is an employee and a qualified person within the meaning of NYSHRL and Defendants are covered employers under the NYSHRL.

75.    Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL on the basis of his age by allowing other employees to foster a hostile work environment, insulting Plaintiff, giving Plaintiff the worst shifts and firing Plaintiff.

76.    Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the New York Executive Law § 296.

77.    As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

78.    Due to Defendants' violations under the NYSHRL, Plaintiff is entitled to recover

from Defendants: (1) back pay, (2) compensatory damages, (3) punitive damages and (4) attorneys fees' and costs.

## COUNT V

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

79.     Plaintiff realleges and incorporates Paragraph 1 through 78 of this class and collective action Complaint as if fully set forth herein.

80.     The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of age.

81.     Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and a qualified person within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL.

82.     Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL on the basis of his age by allowing other employees to foster a hostile work environment, insulting Plaintiff, giving Plaintiff the worst shifts and firing Plaintiff.

83.     As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

84.     Due to Defendants' violations under the NYCHRL, as amended, based on discrimination on the basis of age, Plaintiff is entitled to recover from Defendants: (1) back pay, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## COUNT VI

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

## (SUPERVISOR LIABILITY)

85.    Plaintiff realleges and reavers Paragraphs 1 through 84 of this class and collective

action Complaint as if fully set forth herein.

86.    Under New York City Administrative Code Title 8-107(13), an employer is liable

for the discriminatory conduct by an employee, agent or independent contractor. The relevant

code provides:

> "(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

87.    Defendants violated the section cited herein as set forth. Defendants' managers

are supervisors in a managerial capacity. Defendants' managers discriminated against Plaintiff

based on Plaintiff's age and terminated Plaintiff's employment due to his age.

88.    At all relevant times, Defendants operated a business that discriminated against

Plaintiff on the basis of his age.

89.    Defendants willfully violated the New York City Human Rights Law, as amended.

90.    Due to Defendants' violation of New York City Human Rights Law, as amended,

on the basis of Defendants' discriminatory practices, Plaintiff is entitled to recover from

Defendants: (1) back pay, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

- a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL, the ADEA, the NYSHRL and the NYCHRL;

- b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

- c. An award of unpaid wages due under the FLSA and the NYLL, including those due to time-shaving and an invalid tip credit;

- d. An award of back pay accruing as a result of termination caused by the illegal policies and practices alleged herein;

- e. An award of compensatory damages for his mental, physical and emotional suffering as a result of Defendants' unlawful discriminatory practices;

- f. An award of punitive damages for Defendants' unlawful discriminatory practices;

- g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to time-shaving pursuant to 29 U.S.C. § 216;

- h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to time-shaving and invalid tip credit pursuant to the NYLL;

i.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.    Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

k.    Designation of this action as a class action pursuant to FRCP 23;

l.    Designation of Plaintiff as a Representative of the Class; and

m.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 14, 2020

Respectfully submitted,

By:   */s/ C.K. Lee*
       C.K. Lee, Esq.
       LEE LITIGATION GROUP, PLLC
       C.K. Lee (CL 4086)
       Anne Seelig (AS 3976)
       148 West 24th Street, 8th Floor
       New York, NY 10011
       Tel.: 212-465-1188
       Fax: 212-465-1181
       *Attorneys for Plaintiff,*
       *FLSA Collective Plaintiffs and the Class*